UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX JACKSON | CIVIL ACTION |
| VERSUS | NO. 09-3003 |
| DARRYL MIZELL - CAPTAIN, ET AL. | SECTION: "J"(3) |

**REPORT AND RECOMMENDATION**

Plaintiff, Alex Jackson, a state prisoner, filed this *pro se* complaint against Captain Darryl Mizell,[1] Lieutenant Richard Steadman, Sergeant Larry Jackson, Warden Robert Tanner, Secretary James LeBlanc, inmate James Hayes, and Captain J.R. Thomas.

Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

---

[1] In the complaint, Mizell's surname is incorrectly given as "Mizzel."

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[2] the Court nevertheless finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

### Plaintiff's Allegations

In this lawsuit, plaintiff alleges that Sergeant Larry Jackson knowingly and purposely allowed inmate James Hayes to physically attack plaintiff on November 2, 2008. After the alleged attack, plaintiff requested medical attention; however, that request was denied by Jackson, Lieutenant Richard Steadman, and Captain J.R. Thomas. When a different shift came on duty the following day, an emergency medical technician was called, and plaintiff received medical attention.

Plaintiff claims that Steadman and Jackson subsequently falsified the prison records regarding the incident, which led to plaintiff being charged with various false disciplinary infractions by Captain Darryl Mizell. After a hearing, plaintiff was convicted on those disciplinary charges.

Plaintiff also claims that he is now being subjected to retaliatory cell searches, verbal threats, and theft of personal property.

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Lastly, plaintiff claims that Warden Robert Tanner is responsible for allegedly inadequate disciplinary investigations and hearing procedures at the prison.

Official-Capacity Claims for Monetary Damages

Plaintiff indicates that he is suing the governmental defendants both in their official and individual capacities.[3] However, to the extent that plaintiff is seeking monetary damages against those defendants in their official capacities, those claims must be dismissed for the following reasons.

Defendants Mizell, Steadman, Jackson, Tanner, and Thomas are employed at the B.B. "Sixty" Rayburn Correctional Center. They, along with defendant LeBlanc, are officials or employees of the Louisiana Department of Public Safety and Corrections. See, e.g., Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). State officials and employees sued in their official capacities for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F.Supp.2d 476, 479 (E.D. La. 2007); Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

Moreover, even if they were considered "persons" subject to suit in this case, the claims would still fail for another reason. Because a claim against a state official or employee in his official

---

[3] The remaining defendant, Hayes, is an inmate and therefore cannot be sued in an official capacity.

capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

As to plaintiff's federal claims against the defendants in their *individual* capacities or in any capacity for injunctive or declaratory relief,[4] those claims should be dismissed with prejudice as frivolous and for otherwise failing to state a claim on which relief may be granted for the following reasons.

### Secretary James LeBlanc

"Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, plaintiff has made *no allegations whatsoever* regarding LeBlanc or his personal involvement in the events on which plaintiff's claims are based. Moreover, the mere fact that LeBlanc serves as the head of the Louisiana Department of Public Safety and Corrections is not alone a basis to hold him liable for federal civil rights violations

---

[4] A state official or employee sued in his official capacity is considered a "person" with respect to a § 1983 claim for relief which is declaratory or injunctive in nature and prospective in effect. Stotter, 508 F.3d at 821; American Civil Liberties Union, 523 F.Supp.2d at 479. Further, the Eleventh Amendment does not bar such a claim. Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

5

under any theory of strict liability[5] or vicarious liability.[6] Accordingly, no cognizable claim has been stated against LeBlanc.

### "Failure-to-Protect" Claim

As noted, plaintiff has also sued Sergeant Larry Jackson and inmate James Hayes for the alleged physical assault, claiming that Jackson knowingly and purposely allowed Hayes to attack plaintiff.[7] It is clear that the federal constitution imposes on the state a duty to provide "both pretrial detainees and convicted inmates with basic human needs, including ... protection from harm, during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Nevertheless, in the instant case, plaintiff's failure-to-protect claim is currently barred by Heck v. Humphrey, 512 U.S. 477 (1994).

---

[5] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Lacayo v. Louisiana, Civ. Action No. 08-4447, 2009 WL 278230, at *3 n.3 (E.D. La. Feb. 5, 2009).

[6] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[7] Only persons "acting under color of state law" may be held liable in a federal civil rights action. 42 U.S.C. § 1983. An inmate, such as Hayes, involved in a prison fight is not a person acting under color of state law. See, e.g., Butler v. Jenkins, 450 F.Supp. 574, 575 (E.D. Tenn. 1978); see also Goodell v. Anthony, 157 F.Supp.2d 796, 801 (E.D. Mich. 2001) ("Numerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983."). However, a private individual can nevertheless be held liable under § 1983 for engaging in a conspiracy with state actors. See Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); see also Mowbray v. Cameron County, Texas, 274 F.3d 269, 278 (5th Cir. 2001) ("[I]t is possible, in limited circumstances, to allege a § 1983 conspiracy claim against a private actor ...."). It appears that plaintiff is alleging that Jackson and Hayes were engaged in such a conspiracy.

In Heck, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted) (emphasis added). "A 'conviction,' for purposes of Heck, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Additionally, although Heck involved only a request for monetary damages, its holding has since been extended to also bar claims for declaratory and injunctive relief. See, e.g., Walton v. Parish of LaSalle, 258 Fed. App'x 633, 633-34 (5th Cir. 2007); Collins v. Ainsworth, 177 Fed. App'x 377, 379 (5th Cir. 2005); Shaw v. Harris, 116 Fed. App'x 499, 500 (5th Cir. 2004). Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

As plaintiff acknowledged in his complaint, he was charged with and convicted of various disciplinary infractions stemming from this incident. The Court has reviewed the applicable disciplinary records.[8]

---

[8] Those records, including an audio recording of the disciplinary hearing, have been filed into this federal record.

The disciplinary report against plaintiff included the following allegations:

On November 3, 2008, I Captain Darryl Mizell began an investigation into allegations of a fight between Inmate Alex Jackson # 114706 and Inmate James Hayes 477426 which happened in Sleet 3, Extended Lockdown. During the initial interview, Inmate Jackson stated, he was jumped by Inmate Hayes as he walked up the tier towards the shower. Inmate Jackson did have a small amount of swelling and discoloration under his left eye. It appeared that Inmate Jackson was struck in the facial area with some type of blunt force. During this interview, Inmate Jackson continually made statements about being transferred to another facility. On November 3, 2008, Inmate Hayes was interviewed and at this time, he admitted to striking Inmate Jackson with a closed fist. On November 5, 2008, Inmate Hayes appeared before the Disciplinary Board and stated he had lied during the initial interview. Inmate Hayes was interviewed a second time by, Asst. Warden Jerry Miller and I. During this interview, Inmate Hayes admitted to lying in the initial interview. Inmate Hayes stated Inmate Jackson was to have a family member send $100.00 to the account of Inmate Hayes if he would tell the story of them being in a fight. Also during the interview, Inmate Hayes stated that Inmate Jackson intentionally hit himself in the face, to make it appear as if a fight had actually occurred.

Based on those allegations, plaintiff was charged with, *inter alia*, self-mutilation and general prohibited behavior (bribing). After a disciplinary hearing, he was convicted of the disciplinary charges. His punishment included the loss of fifty-five days of "good time" credit.

For plaintiff to prevail on his failure-to-protect claim, this Court would have to find that plaintiff was in fact attacked by Hayes. Because such a finding would necessarily imply the invalidity of his disciplinary convictions, Heck currently bars that claim until such time as those convictions have been has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of *habeas corpus*.

## Malicious Prosecution Claim

Plaintiff additionally claims that he was falsely accused of the disciplinary violations. The United States Fifth Circuit Court of Appeals has held that a prisoner's claim that he was he was

falsely accused of a disciplinary infraction "is indistinguishable from a malicious prosecution claim." Ordaz v. Martin, No. 93-4170, 1993 WL 373830, at *6 (5th Cir. Sept. 15, 1993); see also Bradley v. Hammonds, No. 97-30287, 1998 WL 699106, at *2 (5th Cir. Sept. 22, 1998). However, in 2003, the Fifth Circuit reexamined the body of law regarding malicious prosecution claims in federal civil rights actions and held that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). Therefore, a prisoner's claim that disciplinary proceedings were wrongly initiated against him fails to state a claim upon which relief may be granted. Figgs v. Vrazel, 106 Fed. App'x 260, 261 (5th Cir. 2004); see also Williams v. Dretke, 306 Fed. App'x 164, 166 (5th Cir. 2009); Palmisano v. Bureau of Prisons, 258 Fed. App'x 646, 648 (5th Cir. 2007) (noting that a prisoner's "assertion that defendants brought false charges against him does not alone implicate his constitutional rights").[9]

---

[9] Moreover, even under prior law, plaintiff's claim would fail because he could not meet the "favorable termination" requirement to pursue such a claim. In Ordaz, the Fifth Circuit noted:

> Even assuming that there is a federally protected right to be free from malicious prosecutions (including false disciplinary charges in the confines of a state prison), however, we have held that "a plaintiff may not state a claim under § 1983 for malicious prosecution absent proof that the prosecution terminated in his favor." [Brummett v. Camble, 946 F.2d 1178, 1180 (5th Cir. 1991).] Our reasoning in this regard is straightforward:
>
>> Absent a ... requirement of "favorable termination" for the constitutional tort of malicious prosecution, a plaintiff could state a § 1983 claim even in cases in which he was ultimately convicted. In such cases, the federal courts would be forced to permit defendants to relitigate the merits of their criminal prosecutions via § 1983 despite the state court conviction. Such a rule, which poses the prospect of harassment, waste, and endless litigation, conflicts with the most basic principles of federalism.
>
> Id. at 1183.
> The concerns highlighted in Brummett apply equally, if not with more force,

Medical Claim

After the incident on November 2, 2008, plaintiff requested medical attention but that request was allegedly denied by defendants Jackson, Steadman, and Thomas. It is clear that a prisoner's constitutional rights may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999). However, mere delay in receiving medical care is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007). In the complaint, plaintiff acknowledges that he was given medical attention on November 3, 2008, the day after the incident. According to the medical records provided by plaintiff, that examination, the follow-up physician examination, and x-rays revealed no serious injuries from the incident, and it was determined that no medical treatment was required.[10] In light of the foregoing, it is evident that any

---

        in the context of § 1983 claims predicated on the filing of false disciplinary charges in state prisons. Without an allegation "that the [disciplinary proceeding] terminated in his favor," [the prisoner] simply has not made an arguable showing that any federally protected right has been violated. Absent such an allegation, his false disciplinary claim is legally frivolous under our precedent.

Ordaz, 1993 WL 373830, at *6; see also Reed v. Quarterman, No. 96-40949 (5th Cir. Oct. 20, 1997); Reed v. Griggs, No. 94-40587 (5th Cir. Dec. 13, 1994). In the instant case, plaintiff was convicted of the disciplinary charges and therefore would be unable to meet the "favorable termination" requirement.

[10]  Rec. Doc. 12. Those records indicate that plaintiff's injuries consisted mainly of swelling and bruising. The x-rays revealed no fractures or dislocations.

delay in medical care was *de minimis* and no harm resulted from the delay. Accordingly, plaintiff's medical claim should be dismissed as frivolous.

Retaliation Claim

Plaintiff claims that, as a result of complaining about the alleged physical attack, he is now being subjected to retaliatory cell searches, verbal threats, and theft of his personal property.

The United States Fifth Circuit Court of Appeals has noted that such retaliation claims must be "regarded with skepticism." See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quotation marks omitted). Further, the Fifth Circuit has held:

> To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Causation requires a showing that but for the retaliatory motive the complained of incident would not have occurred.

McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (internal quotation marks and ellipsis omitted).

Regarding the first prong of that inquiry, it is evident that plaintiff's retaliation claim implicates a specific constitutional right. Plaintiff essentially alleges that the retaliation is based on the fact that he complained about the guards' actions in the physical attack and its aftermath. "The law of this circuit is clearly established ... that a prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." Woods, 60 F.3d at 1164.

That said, it is also evident that plaintiff cannot establish that the defendants' actions in the instant case were motivated by a desire to retaliate against him for his complaint. To support a

11

retaliation claim, a prisoner must be able to either produce direct evidence of retaliatory motivation or show a chronology of events from which retaliation may plausibly be inferred. Id. at 1166. In the instant case, plaintiff has no direct evidence of the defendants' motivations. Further, he is unable to show that an inherently suspect chronology of events exists to support his retaliation claim.

Even accepting as true plaintiff's allegation that he complained about the guards, the Court cannot infer that the subsequent actions were in any way connected to the filing of that complaint. It is hardly an uncommon occurrence for prisoners to file administrative complaints, and there is no basis for concluding that plaintiff's complaints, which were apparently rejected as unfounded and resulted in no guard being disciplined, so enraged prison officials that it caused them to embark of a campaign to harass him. A prisoner cannot convert a unfounded challenge to a facially reasonable action into a constitutional claim simply by adding a barebones allegation that the guard had a retaliatory motive. Rather, prisoners must allege an adequate factual basis for such a claim; and conclusory allegations of retaliatory motive, such as the one advanced by plaintiff, are not sufficient. See Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988) (dismissing as frivolous conclusory allegations that a prison official's action was taken in retaliation for the prisoner's prior complaints).

Out of an abundance of caution, the Court further notes that, in the absence of a viable retaliation claim, the underlying actions about which plaintiff complains are not otherwise actionable. As to the searches, the law is clear: inmates have *no* reasonable expectation of privacy in their cells, and random searches without *any* reasonable suspicion of wrongdoing are not only constitutionally permissible but are in fact "essential to the effective security of penal institutions." Hudson v. Palmer, 468 U.S. 517, 525-30 (1984). As to the alleged verbal abuse and threats, such

actions, while deplorable, simply do not violate the federal constitution. See, e.g., Westbrook v. Treon, 78 Fed. App'x 970, 972 (5th Cir. 2003) ("Verbal threats do not rise to the level of a constitutional violation."); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002) ("[C]laims of verbal abuse are not actionable under § 1983 ...."); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) ("It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983."); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."). Lastly, as to the alleged thefts, a theft claim is not cognizable in federal court. In Hudson v. Palmer, 468 U.S. 517 (1984), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, intentionally deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy. Louisiana law clearly provides plaintiff with an adequate postdeprivation remedy for property loss, i.e. a tort suit brought in state court. Bennett v. Louisiana Department of Public Safety and Corrections, No. 02-30593, 2003 WL 1109690 (5th Cir. Feb. 19, 2003); Arnold v. Inmate Accounts, No. 02-30219, 2002 WL 31017153 (5th Cir. Aug. 20, 2002); Hodge v. B.B. Sixty Rayburn Correctional Center, Civ. Action No. 08-3193, 2008 WL 4628586, at *7 (E.D. La. Oct. 16, 2008); Parker v. Strain, Civ. Action No. 06-9459, 2007 WL 38281, at *2 (E.D. La. Jan. 3, 2007). Accordingly, plaintiff may not pursue a theft claim in this federal forum.

### Warden Robert Tanner

Lastly, plaintiff asserts a claim to hold Warden Tanner liable for perceived deficiencies in the prison's disciplinary investigation and hearing procedure. Plaintiff complains that the

investigation here was insufficient, that his due process rights were not adequately observed at the disciplinary hearing, and that his disciplinary appeal was decided arbitrarily "without any independent investigation."

As a preliminary matter, the Court notes that it appears that plaintiff's allegations are simply an attempt to challenge the validity of his disciplinary convictions. Generally, such challenges are barred by Heck. See Edwards v. Balisok, 520 U.S. 641 (1997).

Moreover, to the extent that plaintiff's claim, or any portion thereof, is cognizable, it is evident that the claim is frivolous for the following reasons.

As to the quality of the investigation, the disciplinary records show that officials in fact conducted a thorough investigation which included multiple interviews of plaintiff's co-conspirator, Hayes, who confessed to his role in plaintiff's scam.[11]

As to the disciplinary hearing, it is clear that plaintiff was afforded due process. A prison disciplinary hearing is not part of a criminal prosecution and, therefore, the "full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Rather, due process requires only that an inmate be provided (1) advance written notice of the disciplinary action charges, (2) a written statement by the fact finder of the evidence and reasons

---

[11] Moreover, the Court notes that a disciplinary conviction is valid as long as it is supported by merely "some evidence." Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 454 (1985); Espinoza v. Benoit, 108 Fed. App'x 869, 871 (5th Cir. 2004). If only "some evidence" is required to support a disciplinary *conviction*, then clearly investigators are not required to obtain a higher level of proof to merely *initiate* a disciplinary charge. Moreover, as previously noted, an investigator is not constitutionally prohibited from bringing even a patently *false* disciplinary charge unsupported by *any* evidence. In light of that fact, the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation.

14

for the disciplinary action, and (3) a limited opportunity to present evidence and call witnesses in his defense. Id. at 563-66. Those conditions were met in plaintiff's disciplinary proceeding. Further, despite his suggestions to the contrary, the Court notes that it is clear that plaintiff was fully advised of the charges and evidence against him in the written disciplinary report, he was allowed a full opportunity to present his defense, and he did not request the opportunity to call any witnesses.[12]

As to plaintiff's complaint that an independent investigation was not performed in connection with the appeal, a prisoner has no federal constitutional right to *any* appeal in a disciplinary proceeding, much less to an independent appellate investigation. See, e.g., Davis v. Director, TDCJ-CID, Civ. Action No. 1:05-CV-742, 2008 WL 5378059, at *3 (E.D. Tex. Dec. 22, 2008); Jones v. Carroll, Civ. Action No. 07-791, 2008 WL 1743349, at *4 (D. Del. Apr. 16, 2008); Chance v. Compton, 873 F.Supp. 82, 86 (W.D. Tenn. 1994).

### State Law Claims

Plaintiff indicates that he is also asserting claims under state law. However, if plaintiff's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d

---

[12] The Court notes that plaintiff complains that he was not allowed to confront and cross-examine his accusers in the prison disciplinary proceeding. Even if he had requested that opportunity, *which he did not*, it is clear that a prisoner has no constitutional right to confrontation or cross-examination in disciplinary proceedings. Morgan v. Dretke, 433 F.3d 455, 457 (5th Cir. 2005); Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001).

234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's individual-capacity failure-to-protect claim be **DISMISSED WITH PREJUDICE** to its being asserted again until the Heck conditions are met.

It is **FURTHER RECOMMENDED** that plaintiff's remaining federal claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-second day of June, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**